## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HUBER,<br><br>        *Plaintiff,*<br><br>  v.<br><br>SCOTT KLINEFELTER, et al.,<br><br>        *Defendants.* | CIVIL ACTION<br><br>NO. 22-3931 |

## ORDER

**AND NOW**, this 5th day of June 2024, upon consideration of the Report and Recommendation filed by United States Magistrate Judge Craig M. Straw, (ECF No. 20), and given that petitioner has not objected to the report,[1] it is hereby **ORDERED** that:

---

[1]     When no objection is made to a Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes; *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). No clear error appears on the face of the record and the Court accordingly accepts Judge Straw's Recommendation.

     Huber brings three claims in support of his habeas petition: (1) his guilty plea was unlawfully compelled by the state and "deliberately ineffective and collusive" defense counsel; (2) the trial court lacked subject matter jurisdiction to enter judgment against him because he was never given formal and specific notice of the charges against him; and (3) the post-conviction collateral review process was ineffective in protecting his rights and violated the Constitution. (ECF No. 9, at 5, 30, 34).

     "A district court ordinarily cannot grant a petition for a writ of habeas corpus arising from a petitioner's custody under a state court judgment unless the petitioner first has exhausted his available remedies in state court." *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010); 28 U.S.C. § 2254(b)(1). As such, federal habeas claims must first be "fairly presented" to the state courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim is "fairly presented" when its "factual and legal substance" is put before the state courts "in a manner that puts them on notice that a federal claim is being asserted." *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner must present each claim through the Superior Court but need not seek review from the Pennsylvania Supreme Court to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233–34 (3d Cir. 2004).

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus is **DENIED**;

3. There is no probable cause to issue a certificate of appealability; and

4. The Clerk of Court shall mark this case closed for statistical purposes.

---

Where a claim is not properly presented to the state courts, the petitioner has procedurally defaulted that claim. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). Such a claim cannot provide the basis for federal habeas relief unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or [unless he] demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72 (1976); *Coleman*, 501 U.S. at 750.

Huber's first claim that the state "unlawfully compelled and induced his guilty plea" and that defense counsel was "deliberately ineffective and collusive" is not fully exhausted because he failed to present it through the Superior Court. (ECF No. 9, at 5, 22–24). Huber's PCRA counsel discussed the effectiveness of Huber's trial counsel in his No Merit Letter. (ECF No. 15-2, at 63–71). But in his *pro se* response to the PCRA court's notice of intent to dismiss, Huber focused on his PCRA counsel's alleged ineffectiveness. When he appealed to the Superior Court, Huber complained of errors made by the PCRA court, further allegations of PCRA counsel's ineffectiveness and contended the PCRA judge was biased. (ECF No. 15-3, at 10–16, 170–71, 206–10). Because Huber failed to raise the ineffectiveness of trial counsel through the Superior Court, his claim is not fully exhausted.

Huber's second federal habeas claim—that the trial court lacked subject matter jurisdiction to enter judgment against him because he was not given any formal or specific notice of the charges—is also not exhausted because Huber never presented it through the Superior Court. (ECF No. 9, at 30).

These claims are procedurally defaulted because any attempt to bring them in a subsequent PCRA petition would be untimely. *See* 42 Pa. Cons. Stat. § 9545(b)(1). Nor does Huber show cause to excuse the default of his claims. *See Hull v. Freeman*, 991 F.2d 86, 91 (3d Cir. 1993); *Buckley v. Smith*, No. 21-2405, 2022 U.S. Dist. LEXIS 91009, at *9 (E.D. Pa. Feb. 8, 2022); *Weathers v. Kauffman*, No. 20-1098, 2021 U.S. Dist. LEXIS 12981, at *6 (M.D. Pa. Jan. 25, 2021). And denying review of Huber's claims would not constitute a fundamental miscarriage of justice because he fails to present any new evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Huber's final claim, that the post-conviction collateral review was ineffective in protecting his rights and violated the Constitution, also fails. Regardless of whether he exhausted any the underlying allegations supporting this claim, Huber's grievances concern what occurred during his pursuit of PCRA relief, and such a claim is not a valid basis for habeas relief. "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis in original). *See also Lambert*, 387 F.3d at 247 ("[H]abeas proceedings are not the appropriate forum for [a prisoner] to pursue claims of error at the PCRA proceeding . . . . It is the original trial that is the 'main event' for habeas purposes.").

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.